

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| YAMA SEAFOOD, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:09-0054-HFF |
| | § | |
| INTERNATIONAL PAYMENT | § | |
| GROUP, INC. et al., | § | |
|     Defendants. | § | |

## ORDER

This is a breach of contract case. On December 30, 2009, the Court entered an Order directing Plaintiff to let the Court know whether or not it wished to dismiss this action. On January 15, 2010, Plaintiff informed the Court that it wished to pursue the action and asked that the Court grant it thirty more days to secure local counsel. Inasmuch as Plaintiff has had well over one year to secure local counsel, in an Order dated January 18, 2010, the Court denied the thirty-day request.

Instead, in the January 18, 2010, Order, the Court directed that

> local counsel for Plaintiff must make an appearance in this case not later than February 1, 2010. Failure to do so will be construed by the Court as yet another indication that Plaintiff has no real plans nor any real desire to prosecute this action and instead wishes for the Court to dismiss the action.[*] Thus, the Court will enter judgment accordingly.

(January 18, 2010, Order 1-2.)

---

[*]In fact, except for Plaintiff's January 15, 2010, letter, every indication has been that Plaintiff has abandoned this suit, failed to prosecute it, and wishes for it to be dismissed, including (1) Plaintiff's failure to abide by the Court's notice, dated January 9, 2009, to secure local counsel, (2) Plaintiff's failure to abide by the Court's order, dated April 29, 2009, to submit a proposed consent scheduling order, and (3) Plaintiff's failure to file a response, due on June 29, 2009, to Defendant Mike Ariss' motion to dismiss.

From the Court's review of the record, it appears that local counsel for Plaintiff has failed to make an appearance, even though Plaintiff has had a total of twenty-five days since it's January 15, 2010, letter to secure such counsel. The Court construes this failure as Plaintiff's decision to dismiss the action after all. Thus, the Court will enter judgment accordingly.

Even if Plaintiff does not wish to dismiss this action, however, the Court will dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. In making this decision, the Court has considered the factors set forth in *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976) and finds as follows:

(1) As is evidenced by Plaintiff's President's letter to the Court, Plaintiff's President received the Court's December 30, 2009, Order and is thus well aware of the repeated failures by Plaintiff's counsel to abide by the Court's rulings. In that the Court sent a copy of its January 18, 2010, Order to Plaintiff's President, Plaintiff is also aware of the requirement to secure local counsel by February 1, 2010, and that failure to do so will result in dismissal. Therefore, because Plaintiff is charged with this knowlege, the Court is convinced that Plaintiff bears significant responsibility for the failure to prosecute this action.

(2) It is axiomatic that Defendants have been prejudiced by the delay in prosecuting this matter inasmuch as, among other things, they expended the cost to secure excellent local counsel, one of whom filed a motion to dismiss. That motion further details the prejudice that Defendants have suffered.

(3) The drawn out history of deliberately proceeding in a dilatory fashion is detailed above and need not be repeated here.

(4) The Court is unaware of the effectiveness of any sanctions less drastic than dismissal.

Thus, for the foregoing reasons, this action is hereby **DISMISSED**. Any pending motions are, thus, rendered **MOOT**.

**IT IS SO ORDERED**.

Signed this 9th day of February, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE